WILLIAM G. WALKER, P.C.
145 South Sixth Avenue
Tucson, AZ 85701
Telephone: (520) 622-3330
AZ State Bar No:    005361

Attorney for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

03 JAN 30 AM 11: 17

GARY D. McFARLAND
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

JAMES DUFFY, a single man,

    Plaintiff,

vs.

THE CATHOLIC ARCHDIOCESE OF OMAHA, NEBRASKA, a Nebraska corporation; FATHER FLANAGAN'S BOYS HOME, a Nebraska corporation,

    Defendants.

No: 8:03CV31

**COMPLAINT**

(Assault and Battery; Intentional Infliction of Emotional Distress; Negligent Hiring, Retention and Supervision; Breach of Trust)

(JURY TRIAL DEMANDED)

For his Complaint, Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff JAMES DUFFY (hereinafter "Duffy") is a single man suing for injuries which occurred when he was of minority age and about which he did not remember or discover until or after February, 2002.

2. On information and belief, Plaintiff alleges that the Catholic Archdiocese of Omaha, Nebraska, (hereinafter "Archdiocese") is, and was at all times relevant hereto, a Nebraska corporation, with its principal place of business in the State of Nebraska.

3. On information and belief, Plaintiff alleges that Father Flanagan's Boys Home (hereinafter "Boys Home") is, and was at all times relevant hereto, a Nebraska corporation.

4. At all times relevant hereto, Plaintiff alleges that Boys Home was operated under and/or controlled by the Archdiocese.

## JURISDICTION AND VENUE

5. At the time of the filing of this lawsuit, James Duffy is a citizen of the State of Arizona.

6. The Archdiocese and Boys Home are, at the time of the filing of this lawsuit, citizens of the State of Nebraska.

7. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship Jurisdiction) because:

    a. There is diversity of citizenship between the parties as more fully described above; and,

    b. The matter in controversy between the parties in this lawsuit exceeds the sum of value of $ 50,000, exclusive of interest and costs.

8. All acts alleges herein occurred in the State of Nebraska.

## INTRODUCTORY ALLEGATIONS

9. During all relevant times at issue, Boys Home was a residential facility and school for boys.

10. During the years 1977- 1979, Plaintiff, then a minor, lived and attended school at Boys Home. His family counselor, with whom he resided in a cottage with other boys, was Michael Wolf (hereinafter "Wolf."). Throughout his stay at Boys Home, Wolf was an employee at Boys Home and was under the direction and supervision of Boys Home and the Archdiocese.

11. While Plaintiff resided at Boys Home, the Director of Spiritual Affairs was Father James E. Kelly (hereinafter "Kelly"), an ordained Roman Catholic Priest.

12. During the period that Plaintiff resided at Boys Home, Michael Wolf and Father Kelly each engaged in separate, wide-ranging plans to use their influence and

positions with Boys Home and the Archdiocese to befriend and molest young, minor males
2. who were in residence at Boys Home.

3. 13. Beginning in approximately 1978, on the premises of Boys Home, Plaintiff was physically and sexually molested on separate occasions by Michael Wolf and Father Kelly.

6. 14. The molestations of Plaintiff by Wolf and Kelly all occurred on property belonging to Boys Home and/or the Archdiocese, and at times and places where Wolf and Kelly used their offices and positions with Defendants to befriend Plaintiff, engage his trust and cause his compliance.

10. 15. At all relevant times during the molestations of Plaintiff and other boys, the development of unnatural and unhealthy relationships with Plaintiff and other boys by Wolf and Kelly were in violation of their duties as counselors, teachers, administrators of Boys Home and religious representatives of the Defendants.

14. 16. At relevant times hereto, Defendants Boys Home and the Archdiocese knew, or should have known, that the molesters were utilizing their positions aforementioned to develop unhealthy, psychologically dependent relationships by male students with them and to recruit them for sex.

18. 17. As direct and proximate results of the sexual molestations of the Plaintiff, he has suffered serious physical and psychological injury, including a repressed memory of the sexual molestations, which have only recently been discovered by him since or after February, 2002.

## COUNT ONE

**(Assault and Battery/*Respondeat Superior*)**

24. 18. Plaintiff hereby incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

26. 19. The acts of Wolf and Kelly aforementioned constitute illegal assault and and battery upon the person of the Plaintiff.

20. During all times relevant hereto, Wolf and Kelly acted, in each of the activities described, cloaked with the authority of Boys Home and the Archdiocese.

21. Under the facts of this case, Wolf and Kelly acted, in each of the acts described above, with the scope and course of his employment/authority with Boys Home and the Archdiocese.

22. Because of their supervisory and administrative capacities with Boys Home and the Archdiocese, and based on the aforementioned allegations, the acts of Wolf and Kelly may be imputed to Boys Home and the Archdiocese.

23. The conduct of the Defendants was willful, wanton and in reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff prays for compensatory damages, punitive damages for Defendants' willful, wanton and reckless conduct, for costs of this lawsuit, and for whatever additional relief the Court deems reasonable.

## COUNT TWO

### (Intentional Infliction of Emotional Distress)

24. Plaintiff hereby incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

25. The acts of the Defendants aforementioned constitute intentional infliction of emotional distress against Plaintiff.

26. As a direct and proximate result of the acts of Defendants, Plaintiff has suffered physical and psychological injury to his person.

WHEREFORE, Plaintiff prays for compensatory damages, punitive damages for Defendants' willful, wanton and reckless conduct, for costs of this lawsuit, and for whatever additional relief the Court deems reasonable.

## COUNT THREE

**(Negligent Hiring; Negligent Retention; Negligent Supervision)**

27. Plaintiff hereby incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

28. In hiring, retaining and/or supervising Wolf and Kelly, Defendants failed to fully investigate the molesters' backgrounds. They further failed to investigate and supervise the molesters' ongoing activities with minor male students. They further failed to adopt sufficient policies and procedure, standards and safeguards so as to protect minor male students from the sexual assaults of the perpetrators.

29. On information and belief, it is alleged that Defendants knew, or should have known, that the perpetrators were routinely developing unhealthy relationships with minor male students which have resulted in the molestation of such students, including, but not limited to, Plaintiff.

30. As a direct and proximate result of the failure of Defendants to investigate the perpetrators' backgrounds and relationships with minor students, failure to properly supervise them during their tenures at Boys Home, and failure to promulgate rules and regulations which would prevent the perpetrators' activities aforementioned, Plaintiff Duffy has suffered severe physical and psychological injury to his person.

31 The actions of the Defendants described above were willful, wanton and reckless, and justify the imposition of punitive damages against them.

WHEREFORE, Plaintiff prays for compensatory and punitive damages, costs of this lawsuit and for whatever additional relief the Court deems reasonable.

## COUNT FOUR

**(Breach of Confidence/Trust)**

32. Plaintiff hereby incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

33. Defendants Boys Home and Archdiocese each had a duty *in loco parentis*

whereby each owed an utmost duty of care to provide Plaintiff Duffy with a healthy and safe environment, free from sexual and emotional abuse.

34. Defendants breached that duty by the acts described above and as a result of that breach, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

WHEREFORE, Plaintiff Duffy prays for compensatory damages against all Defendants, punitive damages again each Defendant, for costs of this lawsuit and for whatever additional relief the Court deems reasonable.

**PLAINTIFF HEREBY REQUESTS THAT TRIAL IN THIS MATTER BE HELD IN OMAHA, NEBRASKA.**

DATED this 29th day of January, 2003.

WILLIAM G. WALKER P.C.

_____
William G. Walker
Attorney for Plainitff

6