IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES DUFFY, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>FATHER FLANAGAN'S BOYS HOME, a Nebraska corporation,<br><br>Defendant. | CASE NO. 8:03CV31<br><br><br><br>ORDER |

Plaintiff James Duffy has filed a Notice of Withdrawal of Expert Witness Testimony on the Issue of Repressed Memory in which he represents that 1) he withdraws Bessel van der Kolk as an expert witness in this case, and 2) he does not intend to have Bruce Gutnik, M.D., testify on the subject of repressed memory. (Filing No. 88). The Plaintiff's Notice appears to moot the Defendant Father Flanagan's Boys Home's Motion in Limine to Exclude Expert Testimony about Alleged Repressed Memories (Filing No. 73). The Notice may also affect the Defendant's Motion in Limine to Exclude Certain Expert Opinion Testimony related to symptoms, characteristics and behaviors exhibited by the Plaintiff and whether those are consistent with having been sexually abused. (Filing No. 71). In any event, it is clear to the Court that a two-day hearing on the motions is no longer needed. Accordingly,

IT IS ORDERED:

1. The Defendant Father Flanagan's Boys Home's Motion in Limine to Exclude Expert Testimony about Alleged Repressed Memories (Filing No. 73) is granted based on the Plaintiff's Notice of Withdrawal of Expert Witness Testimony on the Issue of Repressed Memory (Filing No. 88), as follows:

> The Plaintiff may offer no expert opinion testimony:
>
> a. related to "repressed memory" as a recognized psychiatric condition,
>
> b. stating that Plaintiff has suffered "repressed memory" regarding alleged sexual abuse; and
>
> c. stating that Plaintiff failed to file his suit within the statute of limitations because he suffered from "repressed memory."

2. On or before Friday, December 9, 2005, the Defendant may file an amended and more definite Motion in Limine to Exclude Certain Expert Opinion Testimony (Filing No. 71) that adds no new requests for exclusion but that identifies with particularity the expert witness(es) whose opinion(s) the Defendant is attempting to exclude; the opinions the Defendant seeks to exclude, and the legal basis for the exclusion; and

3. If such an amended Motion in Limine is filed, then on or before Tuesday, December 13, 2005, the Plaintiff and the Defendant shall each file a statement providing their respective positions on whether a hearing is needed on the remaining motion; why the matter cannot be submitted in writing on affidavits; and the amount of time needed for such hearing if it is allowed.

DATED this 6th day of December, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge