IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JAMES DUFFY,** | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **8:03CV31** |
| | ) | |
| **FATHER FLANAGAN'S BOYS HOME,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on the defendant's Motion for Leave to File Motion for Summary Judgment Out of Time (Filing No. 92). The plaintiff opposes the defendant's motion. **See** Filing No. 94. The defendant filed a reply brief. **See** Filing No. 95.

    The defendant seeks to file a motion for summary judgment after the deadline for such motions has elapsed. **See** Filing No. 69 (Progression Order setting November 1, 2005, deadline for filing motions for summary judgement). The plaintiff argues the defendant has failed to show either good cause or excusable neglect for failure to either comply with the court's earlier summary judgment deadline or move for an extension of the deadline before its expiration. The defendant contends good cause exists for allowing the motion out of time because the basis of the motion for summary judgment - that the plaintiff's claims are barred by the statute of limitations - did not become ripe for summary judgment until December 2, 2005. On December 2, the plaintiff gave notice of the intent to withdraw an expert witness and that he would not have another expert witness testify on the issue of repressed memory. **See** Filing No. 88. Subsequently, the court granted the defendant's motion *in limine* on that issue. **See** Filing No. 90. After that time, the defendant contends, no material facts remained disputed about the statute of limitations question.

    Under Fed. R. Civ. P. 16(b) a progression order schedule "shall not be modified except upon a showing of good cause." "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent

efforts.'" **Thorn v. Blue Cross & Blue Shield of Fla., Inc.**, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)); **see Bradford v. DANA Corp.**, 249 F.3d 807, 809-10 (8th Cir. 2001). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." **Financial Holding Corp. v. Garnac Grain Co.**, 127 F.R.D. 165, 166 (W.D. Mo. 1989). Similarly, under Rule 6(b): "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b) (emphasis added). "The determination as to what sort of neglect is considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's own omission.'" **In re Harlow Fay, Inc.**, 993 F.2d 1351, 1352 (8th Cir. 1993) (**quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.**, 507 U.S. 380, 395 (1993)); **see Kaubisch v. Weber**, 408 F.3d 540, 543 (8th Cir. 2005) (the misapplication or misreading of the plain language of [the federal rules] does not establish excusable neglect). The relevant circumstances include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." **Pioneer**, 507 U.S. at 395. Further, these rules must be read in a manner to achieve the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

The defendant states it did not miss the summary judgment deadline due to ignorance or mistake of the deadline or the rules of court. It is true, the defendant could have sought an extension of the deadline due to the other motions pending after November 1, 2005. However, the plaintiff is not unduly prejudiced if the motion is filed out of time and the issue raised is not a surprise. The plaintiff will be required to respond to the defense either now or at trial. Since the matter is a legal issue, the court finds it better resolved before the scheduled trial. The defendant's failure to seek an extension of the deadline is evidence of excusable neglect and the later determination of the motion *in limine* provides good cause for the untimeliness of the motion. Accordingly, under the

circumstances, the court finds the defendant should be allowed to file the untimely motion for summary judgment.  There will be no amendment to the current progression order.  Accordingly,

**IT IS ORDERED:**

1. The defendant's Motion for Leave to File Motion for Summary Judgment Out of Time (Filing No. 92) is granted.

2. The defendant shall have to **on or before December 29, 2005** to file a motion for summary judgment.

DATED this 20th day of December, 2005.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge