IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JAMES DUFFY, a single man,** ) | **CASE NO.  8:03CV31** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM |
| ) | AND ORDER |
| **FATHER FLANAGAN'S BOYS'** ) | |
| **HOME, a Nebraska corporation,** ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Father Flanagan's Boys' Home's Motion for Summary Judgment (Filing No. 97).  The Court has diversity jurisdiction over this matter because there is diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The matter has been fully briefed, and the Court has considered the evidence submitted.  For the reasons stated below, the motion will be granted.

### BACKGROUND

The following facts are not in dispute.[1]  Plaintiff James Duffy was born on July 18, 1962.  (Filing No. 104, Ex. 1 ("Duffy Depo.") 3:5-18). Duffy attended Father Flanagan's Boys' Home ("Boys Town") in Omaha, Nebraska, from September 1977 through April 1978 and June 1978 through June 1980.  (Filing No. 99, Ex. 2 ("Pankonin Aff.")).  Duffy claims that, while at Boys Town, he was sexually abused by Michael Wolf, a family counselor with

---

[1] Defendant's brief in support of its summary judgment motion does not comply with NECivR 56.1(a). The brief contains a factual background with citations to the record; however, the paragraphs are not numbered as required by NECivR 56.1(a).  As a result, Plaintiff's brief could not comply with NECivR 56.1(b), which requires the Plaintiff to address each of the Defendant's numbered, factual allegations and, in the case of disagreement, point the Court to the specific materials on which the Plaintiff relies. Failure to comply with NECivR 56.1(a) constitutes grounds for denial of a motion.  Regardless, the Court has considered the statement of facts in Defendant's and Plaintiff's briefs.

whom he resided, and Father James Kelly, a Catholic Priest and Director of Spiritual Affairs at Boys Town. (Filing No. 22 ("Second Amended Complaint") ¶¶ 8-14). Duffy alleges that he did not remember the sexual abuse until January 2002. (Duffy Depo. 87:10-14). Duffy filed the present lawsuit on January 30, 2003. (Filing No. 1). The Second Amended Complaint alleges that the Defendant is liable under theories of: 1) assault and battery and respondeat superior; 2) intentional infliction of emotional distress; and 3) negligent hiring, negligent retention, and negligent supervision. (Second Amended Complaint ¶¶ 22-28).

The Defendant asserted Nebraska's four-year statute of limitations as an affirmative defense (Filing No. 25) and filed a motion in limine to exclude expert testimony about the theory of repressed memory. (Filing No. 73). Subsequently, Duffy filed a notice of withdrawal of expert testimony on the issue of repressed memory. (Filing No. 88). The Court issued an order on December 6, 2005, that granted the Defendant's motion in limine, and accordingly Duffy is precluded from offering expert testimony related to repressed memory. (Filing No. 90). The Defendant filed this summary judgment motion, arguing "there is no longer any genuine issue of material fact regarding [Duffy's] allegations that he discovered, or with reasonable diligence could have discovered, the sexual abuse" prior to the running of the statute of limitations on July 18, 1987. (Filing No. 101 ("Support Brief") at 3).

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary

judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

3

**DISCUSSION**

For purposes of the Court's review of the summary judgment motion, it is assumed that the alleged sexual abuse occurred as Duffy describes, and that Duffy suffered serious emotional and psychological injuries as a result of the abuse.

Neb. Rev. Stat. § 25-207(3)(Reissue 1995) provides a four-year statute of limitations for "an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated."[2] The statute of limitations was tolled until Duffy reached the age of twenty-one years. Neb. Rev. Stat. § 25-213 (Reissue 1995); *Lawson v. Ford Motor Co.*, 408 N.W.2d 256, 258 (Neb. 1987). Duffy reached the age of twenty-one on July 18, 1983. If no other tolling provision applies, the statute of limitations for his action expired no later than July 18, 1987.

In the Second Amended Complaint, Duffy argues that his action was timely filed because he did not remember the alleged abuse until after February 2002.[3] The Nebraska Supreme Court has recognized an equitable tolling of the statute of limitations, referred to as the "discovery rule," in certain categories of cases where an injury is not obvious and is neither discovered nor discoverable within the limitations period. *Shlien v. Board of Regents*, 640 N.W.2d 643, 650-51 (Neb. 2002). In *Shlien*, a professor allegedly published a student's papers on an Internet website without her permission. The Nebraska Supreme

---

[2] Claims of assault and battery that accrued after July 13, 2000, are subject to the four-year statute of limitations set forth in Neb. Rev. Stat. § 25-207. See Neb. Rev. Stat. § 25-208 (Cum. Supp. 2004). Duffy alleges that his assault and battery claim did not accrue until January 2002 when he remembered the alleged sexual abuse. The prior version of Neb. Rev. Stat. § 25-208 provided a one-year statute of limitations for assault and battery claims. See Neb. Rev. Stat. § 25-208 (Reissue 1995).

[3] In his Brief in Opposition to Summary Judgment and in his deposition, Duffy claims that he did not remember the alleged sexual abuse until January 2002. (Filing No. 103 ("Opposition Brief") at 2; Duffy Depo. 87:10-14).

Court held that summary judgment for the defendant based on a statute-of-limitations defense was improper because genuine issues of material fact remained regarding when the professor uploaded the papers and when the student in the exercise of reasonable diligence should have discovered the website.

> We have stated, " '[T]he mischief which statutes of limitations are intended to remedy is the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert.' " *Condon v. A.H. Robins Co.*, 217 Neb. 60, 63, 349 N.W.2d 622, 624 (1984). The statutes of limitations are " 'enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if he [or she] has the right to proceed. The basis of the presumption is gone whenever the ability to resort to the courts is taken away.' " *Id.* " 'If an injured party is wholly unaware of the nature of his [or her] injury or the cause of it, it is difficult to see how he [or she] may be charged with lack of diligence or sleeping on his [or her] rights.' " *Id.*
>
> In a negligence action, it has generally been stated that a statute of limitations begins to run as soon as the cause of action accrues, and an action in tort accrues as soon as the act or omission occurs. *Berntsen v. Coopers & Lybrand*, 249 Neb. 904, 546 N.W.2d 310 (1996). We have determined, however, that the discovery rule applies in certain categories of cases. The rationale behind the discovery rule is that in certain categories of cases, the injury is not obvious *and the individual is wholly unaware that he or she has suffered an injury or damage*. In such cases, " '[i]t is manifestly unjust for the statute of limitations to begin to run before a claimant could reasonably become aware of the injury.' " *Condon v. A.H. Robins*, 217 Neb. at 67, 349 N.W.2d at 626 (1984) (quoting with approval *Hansen v. A.H. Robins, Inc.*, 113 Wis.2d 550, 335 N.W.2d 578 (1983)). Thus, we have stated that when the discovery rule is applicable, the statute of limitations does not begin to run until the potential plaintiff discovers, or with reasonable diligence should have discovered, the injury. E.g., *Condon v. A.H. Robins, supra.* Although we have not explicitly so stated, it is implicit in our prior rulings that in those cases in which the discovery rule applies, the beneficence of the discovery rule is not bestowed on a potential plaintiff where the potential plaintiff in fact discovers, or in the exercise of reasonable diligence should have discovered, the injury within the initial period of limitations running from the wrongful act or omission. However, in a case where the injury is not obvious and is neither discovered nor discoverable within the limitations period running from the wrongful act or omission, the

5

>statute of limitations does not begin to run until the potential plaintiff discovers, or with reasonable diligence should have discovered, the injury.

*Shlien,* 640 N.W.2d at 650 (emphasis and bracketed material appear in original opinion).

Although there are no Nebraska appellate court decisions specifically addressing the application of the "discovery rule" to facts involving child sexual abuse, in *Kraft v. St. John Lutheran Church*, 414 F.3d 943, 947 (8th Cir. 2005), the Eighth Circuit Court of Appeals applied the *Shlien* analysis in the context of a Nebraska child sexual abuse case, not involving allegations of repressed memory. *Kraft,* 414 F.3d at 947 n.3. The plaintiff in *Kraft* was aware of the alleged sexual abuse he experienced as a minor, but he contended that he did not discover the connection between the abuse "and a variety of behaviors and negative consequences in his life" until several years after the abuse. *Id.* at 947. The Eighth Circuit affirmed the district court's summary judgment on statute-of-limitations grounds, noting that the evidence demonstrated that the plaintiff had discovered, or with reasonable diligence could have discovered, the connection between the alleged abuse and his negative behaviors at a time early enough to cause the statute of limitations to expire prior to his filing of the action. *Id.*

Unlike the plaintiff in *Kraft*, Duffy claims that he did not remember the alleged sexual abuse until January 2002. It is noted the alleged abuse occurred when Duffy was over the age of fifteen years, and that he has not alleged that he was mentally incompetent at the time of the abuse. As a victim and eye-witness to the events, he was cognizant of the facts at the time they occurred, although he now contends that his memory of the events was "repressed" until January 2002.

6

As noted above, the Court granted the Defendant's Motion in Limine to Exclude Expert Testimony about Alleged Repressed Memories, following Duffy's Notice of Withdrawal of Expert Witness Testimony on Issue of Repressed Memory, and accordingly Duffy will not be allowed to present expert testimony on the subject of repressed memory. (Filings No. 73, 88, 90). Duffy argues, however, that the Court's Order does not preclude him from offering his own testimony to the effect that he did not remember the alleged sexual abuse until January 2002. (Opposition Brief at 5).

Mere forgetfulness is not a valid reason to toll a statute of limitations. If plaintiffs were permitted to toll statutes of limitations simply by asserting that they did not remember incidents giving rise to their causes of action, all statutes of limitations would be meaningless.

Duffy has the burden of establishing that there was some reason he did not, and could not with reasonable diligence, remember or "discover" the alleged sexual abuse prior to July 18, 1987. *See, e.g., Eisenhart v. Lobb*, 647 N.W.2d 96, 105 (Neb. Ct. App. 2002) (stating that when a plaintiff alleges "facts showing that the statute ha[s] run and other facts which, if proved, would toll the statute," the plaintiff has the burden of proving that his case is not time barred). Without expert testimony establishing (1) the scientific validity and reliability of the phenomenon known as "repressed memory;"[4] and (2) that Duffy suffered

---

[4] I recognize that there is disagreement among experts and courts regarding the validity and reliability of the phenomenon referred to as "repressed memory." In *Shahzade v. Gregory*, 923 F. Supp. 286 (D. Mass. 1996), and *Isely v. Capuchin Province*, 877 F. Supp. 1055 (E.D. Mich. 1995), the courts found sufficient scientific basis for the theory and allowed expert testimony concerning its application to the plaintiffs. In *State v. Hungerford*, 697 A.2d 916 (N.H. 1997), and *State v. Quattrocchi*, 1999 W.L. 284882 (R.I. April 26, 1999), the courts concluded that proposed evidence of repressed or recovered memories was not reliable or admissible as scientific evidence. If such evidence were offered in this case, it would be subject to judicial screening under the standards of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). See also *Schafersman v. Agland Co-op*, 631 N.W.2d 862 (Neb. 2001); *State v. Tolliver*, 689 N.W.2d 567 (Neb. 2004).

from such a condition, preventing him from discovering the abuse until a time within four years before the filing of his action, Duffy cannot meet his burden. Therefore, there is no genuine issue of material fact precluding summary judgment based on the expiration of the statute of limitations.

## CONCLUSION

Because there is no genuine issue of material fact with respect to the expiration of the statute of limitations for Duffy's causes of action against the Defendant, judgment will be granted in its favor as a matter of law.

IT IS ORDERED:

1. Defendant Father Flanagan's Boys' Home's Motion for Summary Judgment (Filing No. 97) is granted; and
2. A separate judgment will be entered.

DATED this 26th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge